IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BONITA SUMLIN-ESKRIDGE,           )
     Plaintiff                       )
                              )
         v.                         )      Civil Action No. 05-0235
                              )
COMMISSIONER OF SOCIAL            )
SECURITY,                        )
     Defendant.                      )

REPORT AND RECOMMENDATION

I.      Recommendation

It is respectfully recommended that the defendant's motion for summary judgment (Docket No. 9) be granted;  that the decision of the Commissioner of Social Security be affirmed and that judgment be entered accordingly.

II.     Report

Presently before the Court for disposition are cross motions for summary judgment.

On February 23, 2005, Bonita Sumlin Eskridge, pro se, filed a complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and 1383(c)(3) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits and supplemental security income benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits on June 10, 2003 (R.79-81, 227-229). Benefits were denied on October 12, 2003 (R63-66, 231-

234). On October 15, 2003, the plaintiff requested a hearing (R.67, 235), and pursuant to that request a hearing was conducted on October 13, 2004 (R.29-60).  In a decision filed on October 29, 2004, an Administrative Law Judge denied benefits (R.29-60). In a decision dated December 20, 2004, the Appeals Council  affirmed the prior decision (R.8-10). The instant complaint was filed on February 23, 2005.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act.  Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearing held on October 13, 2004 (R.29-60), the plaintiff appeared with counsel (R 21.), and testified that she was born on December 18, 1961 (R.33); that she graduated from high school and attended some college courses (R.35) and that she worked answering phones and performing data entry duties (R.36-37).

The plaintiff also testified that she suffers from mid-back pain, migraine headaches, depression and anxiety (R.41-43); that she takes medication for the pain, depression and in order to sleep (R.39); that she avoids people, angers easily and experiences frequent crying spells (R.45, 48, 49); that she can sit or stand for about thirty minutes (R.51-52) and that she does not perform household chores (R.50).

At the hearing a vocational expert was called upon to testify (R.52-59). He was asked to consider an individual of the plaintiff's age, education and work history who was able to perform simple, routine, repetitious tasks in a low stress environment with little interpersonal contact, and the witness replied that there were a number of jobs such an individual could perform (R.55-56). However, the witness also testified that if the individual had to miss two hours of work on two separate days due to headaches, or could not make any decisions, she would not be employable (R.57, 58).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

3

experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. Section 423(d)(3).  These provisions are also applied for purposes of establishing a period of disability.  42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * *

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

4

It is also provided that:

Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program.  While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts.  NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970).  Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff was treated between October 29, 1997 and June 16, 2003, by Dr. Rudolph Antonic for severe back and shoulder pain and headaches (R.144-156).

The plaintiff was treated at Community Medicine Inc. between November 12, 1999 and June 18, 2003 for migraine headaches, chronic systemic pain and depression (R.157-171).

In a report of a psychological evaluation conducted on July 30, 2003 (R.172-183), Ruth Ann Seilhamer, Ph.D. diagnosed a dysthymic disorder and major recurrent depression.

Medication and psychotherapy were recommended. The plaintiff's limitations were said to be moderate to marked.

After reviewing the medical evidence and in a residual functional capacity assessment completed on August 18, 2003, it is noted that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and stand, walk or sit for about six hours (R.185-189).

In a report of a residual mental capacity evaluation completed on September 19, 2003 only slight limitations were noted (R.190-208).

In a report of a psychiatric evaluation conducted on October 2, 2003 and consultations through May 20, 2004, Dr. Michael T. Malayil diagnosed a major depressive disorder and recommended medication and therapy. Continued improvement was noted (R.209-224).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims.  In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity.  If not, then the severity of the plaintiff's impairment must be considered.  If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability.  If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work.  If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file.  The finding of residual functional capacity is the key to the remainder of findings under the new

regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength

he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do

sustained work of a sedentary, light or medium nature, and the findings of age, education and

work experience, made by the Administrative Law Judge coincide precisely with one of the rules

set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the

specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed

exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in

assisting the Administrative Law Judge to properly weigh all relevant medical and vocational

facts.

Based on the evidence presented, the Commissioner concluded:

The claimant is 42 years old, with a high-school education and some college training. She has worked in a number of skilled jobs. She alleges that she became disabled on June 15, 2002, due to depression, headaches, back and shoulder pain, dependency on pain medication, and anxiety.

* * *

The evidence during the relevant period of a severe physical impairment is not strong...

Dr. Seilhamer diagnosed dysthymic and depressive disorders ... Dr. Seilhamer's notes on the form make clear that her estimates are based on the claimant's reports and not on her independent examination findings. Her finding that the claimant has an extreme limitation in responding to ordinary work pressures is contradicted by the claimant's ability to attend and progress in college classes. Her findings are also contradicted by the records of the claimant's treating psychiatrist ... In August 2004 [the treating psychiatrist's] most-recent note, he wrote that the claimant was doing fairly well on her present medication.

The claimant testified at her hearing to a burning sensation in her mid back but acknowledged that x-rays did not show a basis for her back pain and discomfort. She said that she had migraine headaches twice a week, but I do not find this frequency reflected in the medical records. She spoke of depression and anxiety, and these symptoms are reasonably supported by her mental-health treatment, but

not to the point that the simple tasks specified in the residual functional capacity adopted here would be ruled out... The [residual functional capacity] adopted here limits her contact with the public and co-workers. She spoke of problems controlling her anger, but the record does not support a severe limitation in this area. The claimant estimated that she could not lift or carry heavy things and cited some limitations in walking, standing, and sitting. The [residual functional capacity] limits her to light exertion. I do not find a basis for limiting her walking, standing, and sitting, but I note that the vocational expert ... cited sedentary jobs that allowed the worker to alternate sitting and standing. Therefore, even if the claimant had significant limitations in these functions, she could do other work.

* * *

I concur in the testimony of the vocational expert that the claimant's past work was skilled and thus ruled out by her residual functional capacity. I find that the claimant has no transferable work skills.

* * *

I find that, based upon the claimant's residual functional capacity, she is capable of performing a significant range of light work... I conclude that, considering the claimant's age, educational background, work experience, and residual functional capacity, she is capable of making a successful adjustment to work that exists in significant numbers in the national economy. I find her not disabled ... (R.17-21).

The record demonstrates that while the plaintiff professes to suffer from a wide range of physical and mental impairments, few if any of these allegations are medically supportable. Rather, it appears that the conclusion of the Commissioner that she is capable of engaging in a wide range of less physically and mentally stressful work is supported by the record.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir. 2004). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff. For this reason, it is recommended that the defendant's

motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within ten (10) days after being served with a copy , any party may serve and file written objections to the Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ Robert C. Mitchell

Dated: July 26 , 2005

Robert C.  Mitchell,
United States Magistrate Judge

9